# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4142ND

_____

| | | |
|---|---|---|
| Douglas F. Longie, Honorable, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | On Appeal from the United |
| | * | States District Court |
| Myra Pearson, Chairwoman; Carl | * | for the District of |
| Walking Eagle, Councilperson; | * | North Dakota. |
| Vincent Greyhorn, Councilperson; | * | |
| Mark Luftkins, Councilperson; | * | [UNPUBLISHED] |
| Timothy Longie, Councilperson; | * | |
| Noreen Cavanaugh, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 10, 2000
Filed: April 21, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Douglas F. Longie appeals the District Court's[1] order dismissing his action against certain Spirit Lake Sioux Tribe (Tribe) Council members. We affirm.

---

[1]The Honorable Rodney S. Webb, Chief Judge, United States District Court for the District of North Dakota.

Longie, an enrolled member of the Tribe, is the former Chief Judge of the Spirit Lake Sioux Tribal Court. He filed this pro se "Petition for an Order of Writ of Habeas Corpus" complaining that, pursuant to a Council resolution, he was illegally removed from his position as Chief Judge in violation of tribal law, the Tribe's constitution, and federal law. After defendants moved to dismiss, the District Court granted their motion.

We conclude that dismissal was appropriate. As we noted in <u>Duncan Energy v. Three Affiliated Tribes</u>, 27 F.3d 1294, 1299 (8th Cir. 1994), <u>cert. denied</u>, 513 U.S. 1103 (1995), the Supreme Court recognizes the federal government's long-standing policy of encouraging tribal self-government. See, e.g., <u>Iowa Mut. Ins. Co. v. LaPlante</u>, 480 U.S. 9, 14-15 (1987) (tribal courts play vital role in tribal self-government and federal government has consistently encouraged their development); <u>Merrion v. Jicarilla Apache Tribe</u>, 455 U.S. 130, 138 n.5 (1982) (through laws governing Indian tribes, Congress has expressed purpose of "fostering tribal self-government"). Accordingly, civil jurisdiction over tribal-related activities presumptively lies in tribal courts unless a specific treaty provision or federal statute affirmatively limits the jurisdiction, see <u>Iowa Mut.</u>, 480 U.S. at 18; and principles of comity require the parties to exhaust tribal court remedies before a federal court considers relief in a civil case regarding tribal-related activities on reservation land, see <u>id.</u> at 15; see also <u>National Farmers Union v. Crow Tribe of Indians</u>, 471 U.S. 845, 856-57 (1985) (district court should not assert jurisdiction over case arising out of acts occurring on reservation until tribal court was first given opportunity to determine its jurisdiction to hear case).

Here the parties are all Tribe members. Longie's petition centers on an intra-tribal dispute involving the interpretation of tribal resolutions, the tribal constitution, and tribal law. Longie must exhaust his tribal court remedies before bringing suit in federal court. See <u>Bruce H. Lien Co. v. Three Affiliated Tribes</u>, 93 F.3d 1412, 1420 (8th Cir. 1996) (exhaustion of tribal court remedies required where many parties are tribal entities or members, and dispute arises from tribal government

activity involving project located within reservation borders); <u>Runs After v. United States</u>, 766 F.2d 347, 352 (8th Cir. 1985) (dispute as to interpretation of tribal resolutions, tribal constitution, tribal bylaws, and tribal election ordinance raises questions of tribal law that should first be presented to tribal court); <u>DeMent v. Oglala Sioux Tribal Court</u>, 874 F.2d 510, 512, 517 (8th Cir. 1989) (before seeking habeas relief in federal court, father seeking custody of children residing on reservation should have exhausted tribal remedies by appealing tribal court's refusal to enforce custody decree).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.